UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALICIA MARIE JOHNSON MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-01678-CDB (SS)<br><br>ORDER ON STIPULATION EXTENDING *NUNC PRO TUNC* PLAINTIFF'S TIME TO FILE A MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 9) |

Plaintiff Qualicia Marie Johnson Martinez ("Plaintiff") initiated this action with the filing of a complaint on November 29, 2025, seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (Doc. 1). On December 3, 2025, the Court entered the scheduling order, setting forth dates and deadlines for the filing of the administrative record and of cross-motions for summary judgment. (Doc. 5). On February 3, 2026, Defendant filed a copy of the administrative record. (Doc. 8).

On March 23, 2026—18 days past the deadline for filing a motion for summary judgment (*i.e.*, March 5, 2026)—Plaintiff instead filed a stipulated request for a 60-day extension of the filing deadline to May 4, 2026. (Doc. 9). Counsel for Plaintiff represents that the extension is necessary due to a scheduling error which caused counsel to miss the original briefing deadline. *Id.* at 2.

Requests for extensions of time in the Eastern District of California are governed by Local

Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d).  That rule further provides, "Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."

Here, given the administrative record was filed on February 3, 2026, coupled with counsel for Plaintiff's representations that he needs approximately two additional months to prepare and file an opening brief, it should have been apparent well before the March 5, 2026, deadline for filing Plaintiff's motion for summary judgment that an extension was needed.  Hence, under Local Rule 144, Plaintiff's request for an extension is untimely.

The Court disfavors granting *nunc pro tunc* relief and directs Plaintiff to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that Plaintiff seeks to extend.

**Conclusion and Order**

Accordingly, for the reasons set forth in Plaintiff's stipulation and for good cause shown, IT IS HEREBY ORDERED:

1.  Plaintiff's due date for filing a motion for summary judgment is extended *nunc pro tunc* from March 5, 2026, to **May 4, 2026**;

2.  No further extension of the filing deadlines will be granted without a timely-filed request by one or both parties supported by a showing of good cause; and

3.  The Court's Scheduling Order (Doc. 5) shall continue to govern the filing of any response and/or reply brief.

IT IS SO ORDERED.

Dated:    **March 24, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2